IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LORI ANN SALAZAR,

        Plaintiff,

vs.                                                                     No. CIV-02-0878 JB/RLP

JOHN ASHCROFT, Attorney General
of the United States,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Strike Exhibit 4 to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment, filed October 31, 2003 (Doc. No. 51). The issue is whether the Court should strike an exhibit to the Defendant's Reply Brief that it could have attached to its original motion. Because Plaintiff Lori Ann Salazar has, in her motion to strike, had an opportunity to respond to the Defendant's new exhibit, the Court finds that allowing in the exhibit will not prejudice the Plaintiff. The Court will deny the motion.

**BACKGROUND**

The Plaintiff, Lori Ann Salazar, asks the Court to strike the affidavit of Ruth Cox. There are two categories of Cox's testimony in this case: (i) testimony she gave on July 13, 2001 during the administrative investigation of Salazar's complaint; and (ii) a sworn declaration dated October 23, 2003. The subject matter of Cox's testimony concerns the duties of the Administrative Services specialist position. Salazar contends that she was more qualified for the position than was the

selectee and that she was not selected because of discriminatory/retaliatory intent on management's part.

Defendant's Statement of Material Facts Nos. 41, 42, and 43 address the creation of the position, the selection process, and qualifications of the selectee, Margaret Fisher. See Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment at 9-10, filed September 15, 2003 (Doc. 40). There is further discussion of the position later in the brief. See id. at 22, 25. In her Response, Salazar disputed Defendant's Facts Nos. 41 and 42, but did not state whether she disputed Fact No. 43. See Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment at 2, 4, filed October 16, 2003 (Doc. 48).

In her Response, Salazar states she disagreed with the Defendant's account of the position's duties and the purported reason for the selection. See Response at 4. In Plaintiff's Statement of Material Facts Nos. 14-20, she discusses the creation and duties of the position. See id. at 8-10. On pages 23-24 of her Response, she argues that Fisher was pre-selected, that the position was written for Fisher, and that she was more qualified than Fisher.

Pages 8-9 of the Defendants's Reply discusses these issues in rebuttal. The Defendant has attached new material to his Reply that is pertinent to an issue the Defendant raised in his Motion to Dismiss or, in the Alternative, for Summary Judgment. This material, an affidavit from Ruth Cox, Exhibit 4 to the Reply brief, was available to the Defendant when he filed its original motion.

Specifically related to the issue raised by the Defendant's motion is Salazar's statement on page 4 of her Response that she disagreed with the Defendant's account of the position's duties, as set out in the Defendant's Statement of Fact No. 41; her assertion on page 23 of her Response that, if Debora Cottrell had written the job description as if it were a Budget, rather than a Personnel,

-2-

position, she would have been a "shoe-in" for the selection; and her assertion on the same page that the job description does not include litigation functions. In rebuttal, the Defendant offered testimony, through Cox's affidavit, that the incumbent has always reported to the Budget Officer, not the Personnel Officer, and that the position's duties are divided between Financial Management (Budget) and Human Resources (Personnel), specifying the particular tasks that fall under each category.

In her motion to strike, Plaintiff Lori Ann Salazar argues that the Defendant may not introduce for the first time in his Reply materials to which he had no opportunity to respond. After making this point, Salazar then goes on to point out that the affidavit contradicts the her deposition testimony. Cox testified previously that the duties of the Administrative Services Specialist, for which Salazar was not selected, were "evenly split" between financial and human resources duties. See Sworn Statement of Ruth Cox at 8-9 (taken July 13, 2001). Cox now characterizes the duties as financial management duties. See Declaration of Ruth Cox at 2 (executed October 23, 2003).

Salazar requests that the Court disregard the affidavit and strike it from the Defendant's Reply.

## ANALYSIS

When a party moving for summary judgment introduces new material in its reply brief, the Court must either disregard the new material, or provide the non-moving party a chance for surrebuttal.

> When a moving party advances in a reply new reasons and evidence in support of its motion for summary judgment, the nonmoving party should be granted an opportunity to respond. See Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc., 754 F.2d 404, 410 (1st Cir. 1985). However, if the district court grants summary judgment for the movant without relying on the new materials and arguments in the movant's reply brief, it does not abuse its discretion by precluding a surreply.

Beaird v. Seagate Tech., Inc., 145 F.3d 1159, 1164-1165 (10th Cir. 1998). The Defendant argues that he offered Cox's declaration to rebut an assertion in Salazar's Response and that, as such, it was a permissible attachment to the Reply. Exhibit 4 is permissible rebuttal evidence.

Assuming without deciding that Salazar's objections are justified, nothing precludes Salazar from requesting the Court's leave to file a sur-response or from arguing her point at the January 16, 2004 hearing on the dispositive motion. See id. at 1457 (holding that, if new evidence is presented in reply, district court should permit nonmoving party to respond to the new matter before the motion's disposition or strike that new evidence).

Salazar argues that, not only is the material new, but it is an attempt to create a sham issue of fact. Salazar alleges that Cox is changing prior testimony by characterizing some of those duties as financial management duties rather than as personnel duties, as she had done earlier. The United States Court of Appeals for the Ninth Circuit has stated:

> A party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony. [citations omitted] "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."

Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). See also Katz v. City of Aurora, 85 F. Supp. 2d 1012, 1017 (D. Colo. 2000); Systems Material Handling Co. v. Greenstein, 84 F. Supp.2d 1203, 1212 (D. Kan. 2000). This caselaw, however, is not on point and is not applicable. These cases deal with the situation in which the party opposing summary judgment, not the proponent, attempts to create a sham fact issue by offering new testimony that contradicts prior testimony.

Here, the Defendant is the proponent of summary judgment and is certainly not attempting

to create a fact issue. Moreover, the case law is not applicable unless the Cox declaration contradicts her prior testimony or offers new evidence to which Salazar cannot respond. As noted above, the Court has not precluded Salazar from responding to the declaration.

The Court is not convinced that the testimony in the declaration, Exhibit 4, contradicts Cox's prior testimony. An examination of the prior testimony and the declaration at Exhibit 4 of the Defendant's Reply shows the problems with Salazar's allegation.

Cox earlier testified that personnel duties included HIDTA duties involving the notification of fiscal agents of new hires and terminations and maintaining logs of employees who were on term appointments. See Cox Sworn Statement at 7. She further testified that budget duties included logging transcripts, assisting with keying obligations, backup travel, working on the fiscal aspects of the HIDTA program, working with payroll, FTE, and some other procurement payment, and the reposting of credit card purchases. See id. In her recent declaration, Cox testified that personnel duties included serving as Time & Attendance Technician, preparing Intergovernmental Personnel Act memoranda of understanding for HIDTA employees, and preparing letters to HIDTA employees. See Cox Decl. at 2. She further declared that budget duties included assigning document control numbers to litigation and purchasing expenses, keying of obligations, and overseeing their delivery status, assisting with financial reports, and tracking payroll and FTE. See id. at 1.

The more detailed list of job duties in the declaration reflects a longer list of duties under Budget than under Personnel. The Court does not see evidence in the record of the percentage of time taken by Budget duties vis-a-vis Personnel duties. The time split could be even if Personnel tasks take longer to perform than Budget tasks. At any rate, it is uncontested that in drafting the description for the new position, management looked for Budget and Personnel duties that

overlapped, such as payroll.

The Court does not, however, see any inconsistencies. And even if there were, the declaration would not meet Tenth Circuit standards for rejection of the declaration. Those standards are set out in Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986), which held that a plaintiff's affidavit created only a sham fact issue as to a material fact and did not preclude summary judgment. The Tenth Circuit set out the following factors relevant to the existence of a sham fact issue: (i) whether the affiant was cross-examined during his earlier testimony; (ii) whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence; and (iii) whether the earlier testimony reflects confusion which the affidavit attempts to explain. See id. at 1237. Applying those factors and determining that the plaintiff in that case had been carefully cross-examined earlier, had access to the relevant information at the time, and had offered the new affidavit only after the Court granted summary judgment against him on the pertinent issue, the Tenth Circuit found the affidavit to create a sham issue of fact insufficient to create a genuine factual dispute and affirmed the grant of summary judgment to the defendant. See id. at 1237-38.

Here, at least two of the Franks v. Nimmo factors are not present. Cox was not cross-examined when she gave her administrative testimony and the new declaration does not attempt to explain any apparent confusion in her administrative testimony. As to the remaining factor, only the testimony that the Administrative Assistant Specialist still reports to the Budget Officer is new evidence. Nevertheless, it reflects on the structure of the new position in the Financial Management area. The sham affidavit doctrine is therefore inapplicable.

The cases that Salazar rely upon are not on point. The Ninth Circuit's opinion in Kennedy

v. Allied Mutual Ins. Co., in which that Court of Appeals noted that it was at odds with the Tenth Circuit on the sham affidavit issue, cites the Franks v. Nimmo case. The Katz v. City of Aurora and the Systems Material Handling Co. v. Greenstein cases, although within the Tenth Circuit, like the other cited cases, involved plaintiffs who submitted contradictory affidavits in an attempt to create an issue of fact and avoid summary judgment.

Finally, Salazar contends that, not only is there some tension between Cox's affidavit and her deposition, but that Defendant's witnesses in their depositions described the duties of the Administrative Services Specialist as personnel duties. Salazar, but not the selectee, had done these duties before Cottrell filled the position. See Fisher Application; Deposition of Lori Ann Salazar (taken May 15, 2003). Cox also argues that, to the extent Cox in her affidavit is describing the current duties of the position, and not those drafted at the time Cotrell filled the position, it is irrelevant.

These arguments are more appropriate for opposition to the motion to dismiss or for summary judgment. They do not provide a sound basis for striking the declaration. Therefore, the Court will not strike Exhibit 4 to the Defendant's Reply.

**IT IS ORDERED** that the Plaintiff's Motion to Strike Exhibit 4 to Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Hannah B. Best
Hannah Best & Associates
1003 Luna Circle NW
Albuquerque, NM  87102

    *Attorneys for the Plaintiff*

Johnny Sutton
  United States Attorney
  Western District of Texas
Susan B. Biggs
  Assistant United States Attorney
  Special Attorney for United States
    Attorney's Office/New Mexico
San Antonio, Texas

    *Attorneys for the Defendant*